IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| LUIS M. CLARK, | § | |
| | § | No. 213, 2018 |
|     Defendant Below- | § | |
|     Appellant, | § | |
| | § | |
|     v. | § | Court Below—Superior Court |
| | § | of the State of Delaware |
| STATE OF DELAWARE, | § | |
| | § | Cr. ID K1207014755 |
|     Plaintiff Below- | § | |
|     Appellee. | § | |

Submitted: July 27, 2018
Decided: October 3, 2018

Before **STRINE**, Chief Justice; **VALIHURA** and **TRAYNOR**, Justices.

## **O R D E R**

Upon consideration of the appellant's Supreme Court Rule 26(c) brief, his attorney's motion to withdraw, and the State's response, it appears to the Court that:

(1)    This is the appellant Luis Clark's appeal from the Superior Court's denial of his first motion for postconviction relief. The underlying charges stemmed from an altercation between Clark and a neighbor, during which Clark struck his neighbor in the head with a handgun. Clark testified at trial that his neighbor was the aggressor and that Clark had wrestled the gun away from him and struck him with it in self-defense. Clark stipulated before trial that he was a person prohibited from possessing a gun.

(2)     In 2014, a Superior Court jury convicted Clark of second degree assault, first degree reckless endangering, possession of a firearm by a person prohibited ("PFPP"), and possession of a firearm during the commission of a felony ("PFDCF"). The Superior Court sentenced Clark as a habitual offender to a total period of forty-six years at Level V imprisonment followed by probation. We affirmed on direct appeal.[1]

(3)     Clark filed a *pro se* motion for postconviction relief and supporting memorandum in November 2014. The Superior Court later appointed counsel to represent Clark in the postconviction proceedings ("Postconviction Counsel"). Postconviction Counsel filed an amended motion for postconviction relief on Clark's behalf on March 25, 2016, raising two issues. First, Clark argued that his trial counsel was ineffective for failing to request that a "choice of evils" instruction be given to the jury on the charge of PFPP. Second, Clark argued that his trial counsel was ineffective for stipulating that he was a person prohibited. After receiving responses from Clark's trial counsel and from the State, a Superior Court Commissioner issued a report on August 9, 2017, recommending that Clark's motion be denied.[2]

---

[1] *Clark v. State*, 2014 WL 5408410 (Del. Oct. 21, 2014).
[2] *Clark v. State*, 2017 WL 8791112 (Del. Aug. 9, 2017)

2

(4) Upon review, the Superior Court accepted the Commissioner's recommendation and denied Clark's motion for postconviction relief.[3] As to Clark's first issue, the Superior Court concluded that Clark could not establish prejudice from counsel's failure to request a "choice of evils" instruction because, as evidenced by its verdict, the jury rejected Clark's testimony that he had acted in self-defense.[4] The Superior Court also concluded that Clark could not establish prejudice from trial counsel's stipulation that Clark was a person prohibited because the stipulation did not state *why* Clark was a person prohibited and, more importantly, because Clark's prior convictions would have been revealed to the jury anyway during the State's cross-examination of Clark on the witness stand.[5] Clark appeals.

(5) Postconviction Counsel has filed a brief and a motion to withdraw under Rule 26(c), asserting that he has conducted a complete and careful examination of the record and has found no arguably appealable issues. Postconviction Counsel informed Clark of the provisions of Rule 26(c) and provided Clark with a copy of the motion to withdraw and the accompanying brief. Clark also was informed of his right to supplement his attorney's presentation.

(6) Clark raises one issue for this Court's consideration in response to his Postconviction Counsel's motion and brief. He contends that his trial counsel was

---

[3] *State v. Clark*, 2018 WL 1578164 (Del. Super. Mar. 26, 2018).
[4] *Id.* at *4.
[5] *Id.*

ineffective for not requesting a "Justification Self-Protection/Defense Instruction to the jury pertaining to the weapon offenses." But, Clark's trial counsel did, in fact, request that a self-defense jury instruction be given as to all of the charges. The Superior Court, however, declined to give the self-defense instruction on the weapon charges and gave the instruction only on the non-weapon offenses.[6] To the extent Clark is arguing that the Superior Court abused its discretion in refusing to give the self-defense instruction on the weapon offenses, that issue is procedurally barred by Superior Court Criminal Rule 61(i)(3) because Clark failed to raise that claim on direct appeal.[7] Clark asserts no cause or prejudice to overcome this procedural default.[8]

(7) In its response, the State interprets Clark's argument as a claim that trial counsel was ineffective for not requesting a choice of evils instruction under 11 Del. C. § 463 for the charge of possession of a firearm by a person prohibited. The State asserts that the Superior Court properly rejected this claim because Clark could not establish any prejudice from counsel's failure to request a choice of evils instruction. As the Superior Court noted in its decision, the jury rejected Clark's claim that he

---

[6] The Superior Court stated, however, that if the jury acquitted Clark of the other charges, it would consider an acquittal motion on the PFPP charge.

[7] Rule 61(i)(3) provides that any ground for postconviction relief that was not argued at trial or on appeal is barred unless the defendant can establish cause for and prejudice from his failure to raise the claim earlier.

[8] On direct appeal, Clark's counsel filed a no merit brief under Rule 26(c). Clark raised three issue in response to counsel's brief, but the self-defense instruction was not one of those issues.

4

acted in self-defense, as evidenced by its verdict, and thus necessarily would have rejected any argument that Clark's possession of the gun was justified as a choice of evils.

(8) We agree. After careful consideration of the parties' arguments on appeal, we conclude that the judgment below denying Clark's first motion for postconviction relief should be affirmed on the basis of and for the reasons assigned by the Superior Court in its well-reasoned opinion dated March 26, 2018. We are satisfied that Postconviction Counsel has made a conscientious effort to examine the record and the law[9] and has properly determined that Clark could not raise a meritorious claim in this appeal.[10]

---

[9] To be candid, the Court is reluctant in most cases to allow appointed Postconviction Counsel to withdraw after having made law-based arguments to our trial courts. Even here, although we accept as accurate Postconviction Counsel's reflections on the claims he pressed, first before the Commissioner, and then on review to a Superior Court judge, it would have been preferable had that decision been made earlier and been pursued in a motion to withdraw filed in the Superior Court under Rule 61(e)(7) or at least have been more fully explained to this Court in seeking to withdraw on appeal. *See* Rule 26(c) Br. at 12 ("The two claims that were litigated in Superior Court, upon reflection, do not merit an appeal."). Nonetheless, we are satisfied that counsel felt ethically obliged to try to advance claims on Clark's behalf in good faith, and that after having had those claims rejected by two judicial officers and reflecting in particular on the thorough opinion of the Superior Court judge, conscientiously decided that those claims were so lacking in possible merit that he could not press them further.

[10] *Penson v. Ohio*, 488 U.S. 75, 83 (1988); *McCoy v. Court of Appeals of Wisconsin*, 486 U.S. 429, 442 (1988); *Anders v. California*, 386 U.S. 738, 744 (1967).

5

NOW, THEREFORE, IT IS ORDERED that the judgment of the Superior Court is AFFIRMED.  The motion to withdraw is moot.

BY THE COURT:

*/s/ Leo E. Strine, Jr.*

Chief Justice